UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SAMUEL J. COWAN,

           Plaintiff,

vs.                                      Case No. 3:14-cv-261-J-34JRK

GENESCO, INC. d/b/a JOHNSTON &
MURPHY, a foreign for-profit corporation,

           Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion for Remand and Memorandum of Law in Support (Doc. 8; Motion) filed on March 25, 2014. Defendant filed a response to the Motion, as well as a declaration in support of the response, on April 16, 2014. See Defendant's Response in Opposition to Plaintiff's Motion for Remand (Doc. 11; Response); Declaration of Mark Zelek, Esq. (Doc. 12; Zelek Decl.). With leave of Court, Plaintiff filed a reply to the Response on May 5, 2014, and Defendant filed a sur-reply on June 6, 2014. See Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Remand (Doc. 17; Reply); Defendant's Sur-Reply in Opposition to Plaintiff's Motion for Remand (Doc. 22; Sur-reply). Accordingly, this matter is ripe for review.

## I.    Background

Plaintiff initiated this action in January 2014 by filing suit against Defendant in state court. See Complaint for Damages (Doc. 3; Complaint). In the Complaint, Plaintiff alleges, inter alia, that, while employed by Defendant, he was "routinely called" offensive racial slurs, passed over for a promotion, routinely disciplined for misconduct he did not commit, forced

to perform menial tasks and treated adversely when his supervisor discovered that Plaintiff was in an inter-racial relationship, and ultimately terminated for violating a non-existent company policy. Id. ¶¶ 9, 14-17, 54-57. Plaintiff asserts claims for wrongful termination and failure to promote on the basis of race and sex in violation of the Florida Civil Rights Act (FCRA), Chapter 760 of the Florida Statutes, and seeks to recover "actual and compensatory damages, back wages, front pay, mental anguish, loss of dignity, other intangible injuries, punitive damages, attorneys' fees, costs, pre and post-judgment interest, and any and all other legal or equitable relief in favor of Plaintiff . . . ." See generally id. Plaintiff served Defendant with a copy of the Complaint and summons on February 5, 2014. See Defendant's Notice of Removal (Doc. 1; Notice) at 1. Within thirty days of service, on March 7, 2014, Defendant removed the action to this Court. See Notice. In removing this action, Defendant invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332. See Notice at 1-2. In support of removal, Defendant filed two Declarations of Angela Dunn, Defendant's Vice President of Human Resources. See Notice, Tab B: Declaration of Angela Dunn (Dunn Decl. I); Defendant's Notice of Filing Declaration in Further Support of Notice of Removal (Doc. 2; Dunn Decl. II). In the instant Motion, Plaintiff moves to remand this action to state court, contending that the amount in controversy does not satisfy the jurisdictional threshold required under § 1332. See generally Motion. Defendant opposes the requested relief. See generally Response.

**II.   Applicable Law**

"If a state-court complaint states a case that satisfies federal jurisdictional requirements, a defendant may remove the action to federal court pursuant to 28 U.S.C. §

1446(b)." See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1060 (11th Cir. 2010). The removing party bears the burden of demonstrating that federal jurisdiction exists. Kirkland v. Midland Mtg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001); see also Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010).[1] Here, where Defendant relies on diversity jurisdiction under § 1332(a) as the basis for removal, this burden requires Defendant to show both that the parties to the action are of diverse citizenship and that the amount in controversy exceeds $75,000. See Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). In this case, Plaintiff does not dispute that the parties are of diverse citizenship.[2] See Motion at 3. Therefore, the only jurisdictional question before the Court concerns whether the amount in controversy requirement has been satisfied. Williams, 269 F.3d at 1319.

"Where the plaintiff has not plead[ed] a specific amount of damages . . . the defendant is required to show . . . by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." Kirkland, 243 F.3d at 1281 n.5; see also Pretka, 608 F.3d at 752 (quoting Williams, 269 F.3d at 1319); Roe, 613 F.3d at 1061.[3] "In some cases,

---

[1] Although Pretka involved removal under the Class Action Fairness Act of 2005 (CAFA), it interpreted and applied the general removal procedures; indeed, with limited exception, "CAFA's removal provision expressly adopts the procedures of the general removal statute, 28 U.S.C. § 1446." Pretka, 608 F.3d at 756-57 & n.11 (citations omitted). Thus, the Court finds Pretka's analysis applicable to the case at bar. See Bender v. Mazda Motor Corp., 657 F.3d 1200, 1204 n.2 (11th Cir. 2011); Roe, 613 F.3d at 1061-62.

[2] Plaintiff is a citizen of the state of Florida, and Defendant is a citizen of the state of Tennessee. See Notice at 3.

[3] By contrast, if the plaintiff asserts in his or her ad damnum clause a specific claim for less than the jurisdictional amount, the removing defendant must prove "to a legal certainty" that the plaintiff, if he or she prevailed, would not recover below the jurisdictional amount of $75,000. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994). Inasmuch as Plaintiff has not pleaded a specific amount of controversy in his Complaint, Defendant must establish the amount in controversy by the preponderance of the evidence.

this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper." Roe, 613 F.3d at 1061. However, in other cases, "it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.'" Id. (quoting Pretka, 608 F.3d at 754). In determining whether the amount-in-controversy requirement is met, the Court "focuses on how much is in controversy at the time of removal, not later." Pretka, 608 F.3d at 751 (citations omitted); see also Poore v. Am.-Amicable Life Ins. Co., 218 F.3d 1287, 1290-91 (11th Cir. 2000) (holding that "the district court must determine whether it had subject matter jurisdiction at the time of removal"), overruled on other grounds by Alvarez v. Uniroyal Tire Co, 508 F.3d 639, 640-41 (11th Cir. 2007); Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 946 (11th Cir. 2000).

A court may not speculate or guess as to the amount in controversy. See Pretka, 608 F.3d at 752. However, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." Roe, 613 F.3d at 1061-62 (quoting Pretka, 608 F.3d at 754). Indeed, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Id. at 1062. Moreover, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Pretka, 608 F.3d at 754. All that is required is that a removing defendant show, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional requirement. See id. at 752. However, in considering the propriety of a

removal, federal courts consistently caution that removal statutes must be strictly construed, and all doubts resolved in favor of remand. See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.") (internal citations omitted). Nonetheless, when it is clear that the jurisdictional minimum is likely met, a district court should acknowledge the value of the claim, even if it is unspecified by the plaintiff. See Roe, 613 F.3d at 1064. To do otherwise would abdicate the court's statutory right to hear the case, and reward a plaintiff for "employing the kinds of manipulative devices against which the Supreme Court has admonished us to be vigilant." See id.

### III.    Analysis[4]

In the Notice, Defendant argues that the amount in controversy is satisfied based on Plaintiff's claim for back pay alone. See Notice at 6-7. Defendant submits evidence that Plaintiff earned approximately $3,324.89 per month for the time he worked for Defendant. See id. at 7, Tab B: Dunn Decl. ¶ 5. As such, Defendant calculates Plaintiff's claim for back

---

[4] The Court notes that "because [Defendant] filed its notice of removal within thirty days of being served with the summons and initial complaint," the removal is governed by what was formerly referred to as the first paragraph of § 1446(b). See Pretka, 608 F.3d at 757; Roe, 613 F.3d at 1060 n.2. Section 1446 was reorganized by Congress in 2011. Until that reorganization, § 1446(b)(1) was known as the "first paragraph," and § 1446(b)(3) was referred to as the "second paragraph." See Albritton v. Geovera Specialty Servs., Inc., 961 F.Supp. 2d 1220, 1222 (M.D. Fla. 2013); Davis v. Country Cas. Ins. Co., No. 6:13-cv-513-SLB, 2013 WL 3874709, at *2 n.5 (N.D. Ala. July 25, 2013); Musgrove v. Kellogg Brown & Root, LLC, No. 13-0104-WS-C, 2013 WL 1827583, at *2 (S.D. Ala. Apr. 29, 2013) (citing Pretka, 608 F.3d at 757). This distinction is significant because, as a first paragraph removal, "defendant may present additional evidence–business records and affidavits, for instance–to satisfy its jurisdictional burden." Roe, 613 F.3d at 1061 n.4; see also Pretka, 608 F.3d at 761-62, 770-71 ("[The f]irst paragraph does not restrict the type of evidence that a defendant may use to satisfy the jurisdictional requirements for removal.").

pay from the date of termination through an estimated trial date of twelve months from the date of removal to total $86,447.14.  See Notice at 7.  However, in the Motion, Plaintiff asserts that Defendant's back pay estimate is incorrect because Plaintiff has obtained other employment where he earns more than what he earned with Defendant.  See Motion at 5-6.  Thus, Plaintiff maintains that his back pay claim includes only the time period during which he was unemployed, from December 4, 2012 to December 11, 2013.  Id.  As a result, according to Plaintiff, the amount of back pay damages totals only $44,054.66.[5]  Id. at 6.

Nonetheless, Defendant maintains that remand is not warranted because Plaintiff's additional claims for compensatory and punitive damages, as well as his attorney's fees satisfy the jurisdictional threshold.  See Response at 2-8.  In support, Defendant cites to amounts awarded in other FCRA cases, and argues that similar amounts, which satisfy the jurisdictional threshold, are likely in controversy here.  Id.  In addition, as evidence that the value of the case exceeds $75,000, Defendant relies on Plaintiff's pre-suit demand for an amount "tens of thousands of dollars more than the $75,000 threshold for diversity

---

[5] In the Sur-reply, Defendant argues that the Court should not consider Plaintiff's mitigating post-termination earnings in calculating the amount in controversy because Plaintiff did not unequivocally stipulate to actually deducting this amount from his requested damages. See Sur-Reply at 2. In support, Defendant primarily relies on Katz v. Apple Inc., No. 6:10-cv-1778-Orl-19KRS, 2011 WL 1103513, at *2 (M.D. Fla. Mar. 24, 2011) in which the court declined to deduct wages earned in mitigation of the back pay award because "'courts cannot look past the complaint to the merits of a defense that has not yet been established.'" Katz, 2011 WL 1103513, at *2 (quoting Miedema v. Maytag Corp., 450 F.3d 1322, 1332 n.9 (11th Cir. 2006)). Although the Katz court recognized that "a deduction for post-termination earnings is more in the nature of a setoff than a defense," the court reasoned that "for present purposes the important consideration is that it has not yet been established." Id. However, contrary to Katz, "most courts consider mitigation when calculating back pay if the plaintiff submits affidavits or other evidence specifying the amount of mitigation." See Fusco v. Victoria's Secret Stores, LLC, 806 F. Supp. 2d 1240, 1243 (M.D. Fla. 2011); see also Moreland v. Suntrust Bank, 981 F. Supp. 2d 1210, 1212-13 (M.D. Fla. 2013); Candelaria v. Toys "R" Us-Delaware, Inc., No. 8:14-cv-136-T-30TBM, 2014 WL 793350, at *2 (M.D. Fla. Feb. 27, 2014). Here, Plaintiff submits his affidavit setting forth the amount he has earned in mitigation since his termination. See Motion, Ex. A: Affidavit of Samuel L. Cowan, Jr. (Cowan Aff.) ¶¶ 6-7. Upon consideration, the Court finds the Fusco line of decisions to be persuasive and will calculate the amount of back pay damages in controversy by subtracting the amount of wages earned in mitigation from the total lost earnings.

jurisdiction," and Plaintiff's failure to stipulate that the amount in controversy is less than $75,000. See Response at 8-11; see also Dunn Decl. II ¶ 3; Zelek Decl. ¶ 5. Although Plaintiff does not expressly deny that the amount in controversy exceeds $75,000, Plaintiff contends that remand is warranted because Defendant's estimates are mere speculation and insufficient to satisfy its burden. See Motion at 4-5, 11-12. According to Plaintiff, the cases cited by Defendant are not analogous to the facts of this case and Plaintiff's pre-suit demand and failure to stipulate do not constitute probative evidence of the amount in controversy. See Motion at 2 n.2 ,7-8; Reply at 3-4. While the Court acknowledges that it is Defendant's burden to establish federal jurisdiction, it bears noting that Plaintiff submits no evidence to suggest that the amount of compensatory and punitive damages, as well as attorney's fees, in controversy do not exceed the less than $31,000 gap between the amount of back pay at issue and the jurisdictional threshold. Indeed, it appears that Plaintiff's counsel has even refused to reveal his hourly rate to opposing counsel for purposes of making this assessment. See Zelek Decl. ¶ 5, Ex. A.

Much has been written in this District on topics pertaining to the amount in controversy such as the persuasiveness of a pre-suit demand, the weight given to a failure to stipulate, and the use of awards in other cases as evidence. The Court could write at length on these topics and the varying opinions on what is or is not persuasive evidence. However, recent Eleventh Circuit decisions promote a greater reliance on a court's judicial experience and common sense based on the evidence presented and the nature of the claims alleged in determining whether the jurisdictional threshold is reached. See Pretka, 608 F.3d at 754, 770; Roe, 613 F.3d at 1061-66. Moreover, to the extent Plaintiff's arguments suggest that

this Court must inquire into the amount of damages he is likely to receive on the merits, the Eleventh Circuit instructs that such an approach is improper. See McDaniel v. Fifth Third Bank, __ F. App'x __, 2014 WL 2525192, at *2 (11th Cir. June 5, 2014) ("There is no doubt that, when analyzing the amount in controversy, the district court is precluded from inquiring into the amount a party is likely to receive on the merits."). Rather, "[w]hen determining whether the amount in controversy requirement has been met, district courts should only consider the amount the plaintiff has placed in controversy, not the amount the plaintiff is likely to recover." Id. at *1. As such, "the defendant need not go so far as to prove that the plaintiff is likely to recover damages" in the threshold amount. Id. at *3. Instead, the defendant "need only prove the jurisdictional facts necessary to establish that . . . damages in an amount necessary to reach the jurisdictional minimum are at issue – that is, that such damages could be awarded." Id. As such, the Court is of the view that "where the parties and the court know from their exercise of good sense and experience that the claim[s] exceed $75,000[,] [t]here is no point in writing a law review article on the subject." See Smith v. State Farm Fire & Cas. Co., 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012).

    With these principles in mind, the Court has no difficulty in determining that the jurisdictional threshold is met. In addition to almost $45,000 in back pay, Plaintiff seeks compensatory and punitive damages, as well as attorney's fees. The FCRA places no limit on the amount of compensatory damages and allows up to $100,000 in punitive damages. See Fla. Stat. § 760.11(5). Moreover, the FCRA authorizes an award of attorney's fees such that the Court may properly consider such fees in assessing the amount in controversy. See Federated Mut Ins. Co. v. McKinnon Motors, L.L.C., 329 F.3d 805. 808 n.4 (11th Cir.

2003) ("[A]ttorneys' fees do not count towards the amount in controversy unless they are allowed for by statute or contract.").[6] In light of the nature of Plaintiff's claims and the allegations in the Complaint, the Court finds in its "judicial experience and common sense," that the value of Plaintiff's racial and sexual discrimination claims, as pled, more likely than not exceed the minimum jurisdictional requirement. See Roe, 613 F.3d at 1062. The Court's independent appraisal is further supported by the amount of such damages awarded in

---

[6] Plaintiff's argument that the Court cannot properly consider attorney's fees in assessing the amount in controversy is not persuasive. See Reply at 2-3. The Court acknowledges that there is some authority for this position. See, e.g., Fusco v. Victoria's Secret Stores, LLC, 806 F. Supp.2d 1240, 1244 n.2 (M.D. Fla. 2011) (declining to consider plaintiff's attorney's fees, because "under the FCRA, attorney's fees are awarded as part of the costs. . . .. [and] costs cannot be considered when determining the amount in controversy"). However, other judges in this District have reached a different conclusion, and following the tenets of Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1265 (11th Cir. 2000), have considered a plaintiff's attorney's fees when determining whether a defendant removing an employee's FCRA claim to federal court based on diversity jurisdiction, has met its burden of establishing the requisite $75,000 amount in controversy. See Penalver v. N. Electric, Inc., No. 12-80188-CIV, 2012 WL 1317621, at *3 (S.D. Fla. Apr. 17, 2012); Schmidt v. The Pantry, Inc., No. 1:11-cv-228-SPM-GRJ, 2012 WL 1313490, at *4 (N.D Fla. Mar. 6, 2012), adopted 2012 WL 1313480 (N.D. Fla. April 17, 2012); Gavronsky v. Walgreen Co., No. 3:09-cv-1167-J-12TEM, 2010 WL 717485, at *3 (M.D. Fla. Feb. 26, 2010); Wozniak v. Dolgencorp, LLC, No. 8:09-cv-2224-T-23AEP, 2009 WL 4015577, at *2 (M.D. Fla. Nov. 19, 2009); Love v. N. Tool & Equip. Co., Inc., No. 08-20453-CIV, 2008 WL 2955124, at *4 (S.D. Fla. Aug. 1, 2008); Brown v. Cunningham Lindsey U.S., Inc., No. 305CV141J32HTS, 2005 WL 1126670, at *4 (M.D. Fla. May 11, 2005). The Court views this to be the better approach. As such, the Court finds that the inclusion of attorneys' fees in the calculation of amount in controversy is appropriate.

The parties also dispute whether, for purposes of the amount in controversy, the Court should consider the amount of attorney's fees at the time of removal or through the entry of judgment. See Motion at 10; Response at 6. Indeed, courts both within the Eleventh Circuit and across the country appear to disagree on the appropriate time frame for calculating the amount of attorney's fees in controversy. See Lott & Friedland, P.A., v. Creative Compounds, LLC, No. 10-20052-CV, 2010 WL 2044889, at *3 (S.D. Fla. Apr. 21, 2010) (acknowledging the controversy and collecting cases); Brown v. Am. Express Co., Inc., No. 09-61758-CIV, 2010 WL 527756, at *7-8 (S.D. Fla. Feb. 10, 2010) (collecting cases on the split of authority); See Waltemyer v. Nw. Mut. Life Ins. Co., No. 2:06-cv-597-FtM-29DNF, 2007 WL 419663, at *2 (M.D. Fla. Feb. 2, 2007) (calculating attorney's fees only through time of removal); Brown, 2005 WL 1126670, at *4 (estimating attorney's fees through trial without discussing the issue); see also Francis v. Allstate Ins. Co., 709 F.3d 362, 369 (4th Cir. 2013) (estimating attorney's fees likely to be incurred in the action without discussing the split of authority); ABM Sec. Servs., Inc. v. Davis, 646 F.3d 475, 479 (7th Cir. 2011) ("The district court correctly held that only attorneys' fees incurred up to the time of removal could be included in the amount in controversy."); Frederico v. Home Depot, 507 F.3d 188, 199 (3d Cir. 2007) (estimating total attorney's fees likely to be awarded without discussing the issue); Al-Sharrak v. CVS Pharm., Inc., No. 14-cv-246-W(RBB), 2014 WL 465451, at *2 (S.D. Cal. Feb. 4, 2014) (recognizing that courts are split on the issue). The Court need not resolve this issue because even if the Court can consider only the amount of fees incurred through removal, this does not change the undersigned's common sense assessment that the value of the claims in this case exceeds the jurisdictional minimum.

similar FCRA cases, as well as Plaintiff's failure to stipulate otherwise. See Penalver v. N. Elec., Inc., No. 12-80188-CIV, 2012 WL 1317621, at *3 (S.D. Fla. Apr. 17, 2012); Lamb v. State Farm Fire Mut. Auto. Ins. Co., No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *3 (M.D. Fla. Nov. 5, 2010) ("A 'plaintiff's refusal to stipulate or admit that [he] is not seeking damages in excess of the requisite amount should be considered when assessing the amount in controversy.'" (quoting Devore v. Howmedica Osteonics Corp., 658 F. Supp. 2d 1372, 1380 (M.D. Fla. 2009))); Alshakanbeh v. Food Lion, LLC, No. 3:06-cv-1094-J-12HTS, 2007 WL 917354, at *2 (M.D. Fla. Mar. 23, 2007). In concluding that over $75,000 is in controversy, the Court is not finding that Plaintiff will actually recover such amounts, only that, he could. See McDaniel, 2014 WL 2525192, at *3.[7] In light of the foregoing, the Court concludes that this Court has diversity jurisdiction over the action and Plaintiff's Motion is due to be denied. Accordingly, it is

---

[7] In McDaniel, the Eleventh Circuit considered whether the amount in controversy was satisfied in a CAFA case premised on claims for fraud and the violation of the Florida Consumer Collection Practices Act (FCCPA). See McDaniel, 2014 WL 2525192, at *1, *3. The court observed that the plaintiff requested punitive damages, that Florida law would allow the recovery of punitive damages up to a certain amount, and that if awarded, those amounts in total would exceed the jurisdictional threshold. Id. at *3. As such, by adding the amount of compensatory damages in controversy, with the maximum amount of punitive damages allowed under Florida law for the particular claims, the Court concluded that the amount in controversy requirement was met. Id. The McDaniel court explained that "[a]ny inquiry into whether [plaintiff] would actually recover these amounts is unnecessary and inappropriate. For the purposes of establishing jurisdiction, it is enough to show that he could." Id.

As such, the analysis in McDaniel can be read as supporting the conclusion that a plaintiff's mere request for punitive damages under the FCRA, given the $100,000 statutory limit, would satisfy the amount in controversy. However, prior to McDaniel, courts in this District have rejected such a contention. See Hallmeyer v. Gateway Clippers LLC, No. 8:12-cv-2876-T-30TBM, 2013 WL 268643, at *2 (M.D. Fla. Jan. 24, 2013); Desmond v. HSBC Card Servs., Inc., No. 8:09-cv-1272-T-23TBM, 2009 WL 2436582, at *2 (M.D. Fla. Aug. 6, 2009); Fusco, 806 F. Supp. 2d at 1245. Because the Court is satisfied that the jurisdictional threshold is met based on an independent appraisal of the claims raised in the Complaint, the amount of back pay at issue, and the additional damages and fees requested, the Court does not determine whether Plaintiff's request for punitive damages alone under the FCRA could establish the requisite amount in controversy.

**ORDERED**:

Plaintiff's Motion for Remand and Memorandum of Law in Support (Doc. 8) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida on July 14, 2014.

*(signature)*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties